F I L E D
United States Court of Appeals
Tenth Circuit

APR 13 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM MICHAEL EVANS,

      Defendant-Appellant.

No. 98-5147
(D.C. No. 97-CR-135-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **EBEL**, Circuit Judges, and **CROW**,[**] District Judge.

Defendant-Appellant William Michael Evans was convicted of multiple counts of conspiracy, mail and wire fraud, and money laundering as a result of his participation in several debt-collection schemes. Evans and co-defendant Gregory Lorson perpetrated a series of frauds during 1994 and 1995, causing significant

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Sam A. Crow, United States Senior District Judge for the District of Kansas, sitting by designation.

financial losses for their employer, business partner, and individual investors. In short, Evans and Lorson: collected outstanding debts on behalf of their employer, but diverted the proceeds to their personal use (the "CRW conspiracy"); fraudulently induced investors to purchase a promissory note Evans and Lorson had no authority to sell or transfer (the "Aronoff conspiracy"); and misreported and withheld sums collected pursuant to a contract with their business partner (the "Chilmark conspiracy").[1]

Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Appellant has filed a motion and supporting brief to withdraw from representation. Counsel identifies only one conceivable basis for appeal, but certifies to this court that pursuing such action would be frivolous. Specifically, counsel suggests that the amount of loss attributed to Evans during the sentencing "could have been found in a different amount," resulting in a correspondingly lower sentence. Objecting to his counsel's characterization of the case, Appellant was granted permission to file a pro se brief advancing additional grounds for appeal, listing in excess of thirty such challenges to his conviction and sentence.

We have reviewed the arguments suggested by counsel and Appellant, and we have conducted an independent review of the case as required by Anders. See

---

[1] The extensive details of these conspiracies are set forth in our disposition of Lorson's appeal, see United States v. Lorson, (No. 98-5151).

Anders, 386 U.S. at 744 ("[T]he court . . . then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."). In our view, the issues presented in this appeal can be grouped into three general categories: (1) ineffective assistance of trial counsel; (2) objection to the amount of loss attributed to defendant at sentencing; and (3) objection to a two-level sentence enhancement under U.S.S.G. §2F1.1(b)(3)(A).[2] We find that the ineffective assistance issue is best reserved for habeas corpus proceedings and that both of the latter two issues are without merit. Further, we find no other issues of merit presented by the record. Accordingly, the judgment and sentence of the district court are affirmed.

Consideration of Appellant's ineffective assistance claim on direct appeal would require the development of factual issues not presently within the record. For this and other reasons, we have often stated that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). The present case does not present circumstances warranting a departure from this well-settled presumption. We therefore dismiss Appellant's

---

[2] All references in this Order and Judgment are to the 1998 edition of the Federal Sentencing Guidelines Manual.

ineffective assistance claim and suggest that he pursue this matter, if at all, on collateral review.

We next turn to Appellant's contention that the district court improperly calculated the losses for which he was responsible. The court ruled that Appellant was responsible for a loss amount of $483,717.29 and imposed a nine-level increase pursuant to U.S.S.G. §2F1.1(b)(1)(J).[3] (See Sent. Tr. at 70.) Appellant argues that this calculation was excessive for several reasons, none of which is persuasive. First, Appellant asserts the amount should be reduced to reflect restitution made to his defrauded employer, CRW, in December of 1995. This portion of the fraud, however, was first discovered in January of that year, and it is well settled in this circuit that a defendant may not receive credit for monies reimbursed to a victim after the crime had been discovered. See United States v. Pappert, 112 F.3d 1073, 1079 (10th Cir. 1997) ("We do not allow defendants to barter prison time in exchange for restitution."). Appellant also appears to assert that the losses attributed to him from the Chilmark conspiracy should have been reduced by the commissions due Evans and Lorson under their contract with Chilmark. However, the record clearly indicates that the loss figure did in fact reflect a deduction for the commissions, (see PSR ¶ 19), and the

---

[3] U.S.S.G. §2F1.1(b)(1)(J) directs a nine-level increase in the base offense level where the amount of loss exceeds $350,000 but does not exceed $500,000.

additional reductions Appellant urges would not affect the guideline range. Appellant further claims he should receive credit for amounts allegedly overpaid to Chilmark on other collections, but Appellant offers no evidence in support of this contention. In sum, no reasonable calculation of the amount of loss attributed to Evans would fall below the $350,000 threshold for imposing a nine-level increase pursuant to U.S.S.G. §2F1.1(b)(1)(J). We therefore affirm the district court's calculation and imposition of the increase.

Finally, our review pursuant to <u>Anders</u> suggests that Appellant might wish to dispute the two-level increase imposed under U.S.S.G. §2F1.1(b)(3)(A). Section 2F1.1(b)(3)(A) provides for such an increase "[i]f the offense involved . . . a misrepresentation that the defendant was acting on behalf of a . . . government agency." The sentencing court found that this enhancement was warranted because Appellant had misrepresented to individual investors that he was authorized by a government agency to sell a promissory note owned by his employer. (<u>See</u> Sent. Tr. at 72.) More specifically, Evans showed the investors a letter from the Resolution Trust Corporation ("RTC") (a federal agency overseeing the debts of failed financial institutions) confirming that RTC had assigned the note in question to CRW. (<u>See</u> GX 9A.) The letter, which appears to be genuine, explains that the note was assigned to CRW "in keeping with its partnership agreement" with RTC. (<u>Id.</u>) However, that partnership agreement

clearly indicates that neither CRW nor its employees had authority to sell notes such as this one to third parties. (See GX 1 at 14.) Thus, by falsely representing to the investors that RTC had authorized him to sell the note, Evans furthered his fraud by relying on the trust individuals associate with the federal government. Such conduct clearly satisfies the criteria of §2F1.1(b)(3)(A). See United States v. Frazier, 53 F.3d 1105, 1112 (10th Cir. 1995). The district court therefore properly imposed this two-level increase.

In sum, we DISMISS Appellant's ineffective assistance claim and AFFIRM the district court's judgment and sentence.[4]

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[4] Counsel's motion to withdraw as counsel of record in this case is GRANTED.